UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOHN B. DUNZER,                                     Case No. 3:25-cv-01318-AR

               Plaintiff,                    **OPINION AND ORDER**

    v.

DAVID K. GERSTENFELD, *in his official
capacity as Acting Director Employment
Department of the State of Oregon*, SARAH
SERRES, *in her official capacity as
Chairperson Employment Appeals Board of
the State of Oregon*,

               Defendants.

_____

**ARMISTEAD, United States Magistrate Judge**

      Plaintiff John Dunzer, representing himself, sues defendants David Gerstenfeld, Acting

Director of the Oregon Employment Department (OED), and Sarah Serres, Chairperson of the

Oregon Employment Appeals Board (EAB), after being denied Federal Mixed Earners

Unemployment Compensations (MEUC) benefits. After the Oregon Court of Appeals dismissed

Dunzer's administrative appeal as untimely, he filed this § 1983 action asserting that he was

deprived of due process under the Fourteenth Amendment when defendants refused to reconsider his eligibility for MEUC benefits.

Defendants now move to dismiss Dunzer's Amended Complaint under Federal Rule of Civil Procedure 12(b)(1), contending that the court lacks jurisdiction under the *Rooker-Feldman* doctrine. As discussed below, defendants' motion is granted.

## BACKGROUND

The court construes as true the factual allegations of Dunzer's FAC. *Weston Fam. P'ship LLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022). The MEUC Stimulus Package, created by the Consolidated Appropriations Act 2021, provided a $100 weekly unemployment benefit to citizens who met self-employment income requirements. OED administered the MEUC program for the state. (Am. Compl. ¶ 13, ECF 17.)

Dunzer applied for MEUC benefits. OED asked Dunzer to provide his 2018 Federal Income Tax returns that documented proof of self-employment income. Dunzer provided OED with forms showing $10,647 in self-employment income.[1] On September 17, 2021, OED issued a Notice of Determination that denied Dunzer's application because his self-employment income was passive income and thus ineligible for MEUC benefits. (*Id.* ¶¶ 1, 14-15.)

A few weeks later, on October 8, 2021, Dunzer appealed OED's decision to the Oregon Department of Administrative Hearings (ODAH). After a May 25, 2022 hearing, ODAH determined that Dunzer's reported income was real estate income that must be reported on a

---

[1]     All of John Dunzer's claimed income on the Income Tax form was earned by his wife, Katherine Dunzer, who provided housekeeping for their bed and breakfast. John and Katherine filed their taxes jointly. (Am. Compl. ¶¶ 8, 14.)

Page 2 – OPINION AND ORDER
*Dunzer v. Gerstenfeld, 3:25-cv-01318-AR*

different tax form. Dunzer appealed ODAH's decision to the EAB. In a decision dated November 1, 2022, EAB denied Dunzer's appeal seeking MEUC benefits, stating that his income did not satisfy the definition of self-employment income. (*Id.* ¶¶ 15-16; Pl's. Resp. to OSC, ECF 31 at 30-33.)

On January 6 and April 24, 2023, Dunzer sent requests for reconsideration of EAB's November 2022 decision to Gerstenfeld at OED, challenging EAB's characterization of his income and denial of MEUC benefits. (Pl.'s Resp. to OSC, ECF 31 at 31-33, 36-37.) In a May 5, 2023 letter, Gerstenfeld declined Dunzer's requests for reconsideration, informing Dunzer that he lacked the authority to review an OED decision that had been appealed to the ODAH, and had become a final decision through a subsequent appeal to the EAB. (Am. Compl. ¶¶ 18, 21; Pl's. Resp. to OSC, ECF 31 at 39.)

Dunzer also submitted a request for reconsideration of EAB's November 2022 decision to Serres at EAB on April 26, 2023. (Am. Compl. ¶ 22; Pl.'s Resp. to OSC, ECF 31 at 40.) In a letter dated May 8, 2023, Serres declined Dunzer's request because it was untimely stating that requests for reconsideration "must be filed within 20 days from the date on which EAB's decision[ was] mailed." Serres also noted that "EAB declines to reconsider the decision[] pursuant to its own motion" and that petitions for review must be filed with the Oregon Court of Appeals "within 30 days after the date EAB's decision[ was] mailed." (Pl.'s Resp. to OSC, ECF 31 at 40.) Dunzer asserts that he was unaware of the deadline to appeal to Serres because his EAB decision listed the Oregon Court of Appeals as his only option for appeal. (Am. Compl. ¶ 22; Pl's. Resp. to OSC, ECF 31 at 40.)

On May 25, 2023, Dunzer filed an appeal with the Oregon Court of Appeals.[2] In an August 4, 2023 appellate judgment, the Appellate Commissioner dismissed his appeal, noting that appeals from administrative agencies must be filed within 60 days of the date of service of the agency's order. (Pl.'s Resp. to OSC, ECF 31 at 44.) The Appellate Commissioner determined that Dunzer was seeking judicial review of EAB's November 2022 order and Serres's May 8, 2023 letter, and ruled that

> [t]o the extent that [Dunzer] is seeking review of the order, the petition was untimely, and, to the extent that [Dunzer] is seeking review of the letter, it is not a final order that is subject to judicial review.

(*Id.*)

On July 23, 2025, Dunzer filed a complaint in the Central District of California alleging that defendants violated his Fourteenth Amendment due process rights under 42 U.S.C. § 1983. Two days later, the case was transferred to the District of Oregon and assigned to this court. (ECFs 13, 15.) On August 7, the court ordered Dunzer to file an amended complaint because the court lacked subject matter jurisdiction over his complaint as pleaded. The court explained that the crux of his due process claim requested reconsideration of his eligibility for MEUC benefits. Therefore, his complaint as pleaded was an improper appeal of the state appellate court's determination and was barred under the *Rooker-Feldman* doctrine. (Order to Amend, ECF 16 at 7-8.) The court also explained that because Dunzer was suing Gerstenfeld and Serres in their

---

[2]    Dunzer also moved to defer paying the appeal fees. (Pl.'s Resp. to OSC, ECF 31 at 42-43.) The Court of Appeals granted that motion and placed him on a payment plan, stating that if Dunzer "has not paid all deferred appellate court fees upon final disposition of the judicial review, the Appellate Court Administrator will include in the appellate judgment a money award for the amount of any unpaid fees." (*Id.*)

official capacities, they are not persons under § 1983, and that as pleaded, they were entitled to immunity under the Eleventh Amendment. (Order to Amend, at 5-11, ECF 16.) Dunzer timely filed an amended complaint.

In his amended complaint, Dunzer asserts that OED and EAB erred in concluding that his income was not self-employment income and thus was ineligible for MEUC benefits. (Am. Compl. ¶¶ 15-17.) Dunzer identifies defendants as acting in their official capacities. Also alleged by Dunzer is that defendants were personally involved in depriving him of due process because the letters they sent "were on the letterhead of the Oregon agenc[ies] they supervise." (*Id.* ¶ 1.) And he asserts that he was deprived of due process when they failed to reconsider the denial of his MEUC benefits under ORS § 657.290, and because he has not received judicial review as required by ORS § 657.282. (*Id.* ¶¶ 30-33.) Dunzer seeks injunctive relief "which includes payment of eligible unemployment benefits under the MEUC program" and asks the court to direct defendants to reconsider his eligibility. (*Id.* ¶¶ 5, 33.)

Defendants now move to dismiss under Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. (MTD at 1-2, ECF 24.) Liberally construing Dunzer's amended complaint to challenge both the denial of MEUC benefits and to require Gerstenfeld and Serres to reconsider his MEUC benefits application, the court lacks subject matter jurisdiction, and defendants have immunity under the Eleventh Amendment.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. Put differently, defendants challenge the court's authority to hear Dunzer's claim. As the party asserting federal subject matter jurisdiction, Dunzer bears the

Page 5 – OPINION AND ORDER
*Dunzer v. Gerstenfeld, 3:25-cv-01318-AR*

burden of proving its existence. *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). Defendants may challenge subject matter jurisdiction through a "facial attack" or a "factual attack." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2014)). In a facial attack, defendants assert that the allegations in Dunzer's amended complaint are "insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. To resolve defendants' facial attack, the court accepts Dunzer's "allegations as true and draws all reasonable inferences in [his] favor whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. *Leite*, 749 F.3d at 1121 (citation modified).

In a motion to dismiss, the court generously construes the pleadings of self-represented plaintiffs, giving them the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A self-represented plaintiff's complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011). Dismissal of a self-represented litigant's complaint without leave to amend is proper only if the deficiencies of the complaint cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

**A.     *Subject Matter Jurisdiction and the* Rooker-Feldman *Doctrine***

The United States Constitution and federal law allow for only certain kinds of cases in federal court. The limited authority of a federal court is known as its subject matter jurisdiction, and, if a federal court lacks subject matter jurisdiction for a case, the court must dismiss the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Dunzer asserts federal question jurisdiction

Page 6 – OPINION AND ORDER
*Dunzer v. Gerstenfeld, 3:25-cv-01318-AR*

under 28 U.S.C. § 1331, which grants district courts subject matter jurisdiction over "all civil actions arising under the Constitution." Due process claims under the Fourteenth Amendment and raised through 42 U.S.C. § 1983, such as Dunzer's here, typically fall within § 1331.

Under 28 U.S.C. § 1257, however, "federal district courts may not entertain appeals of state court judgments." *Miroth v. County of Trinity*, 136 F.4th 1141, 1146 (9th Cir. 2025); *Searle v. Allen*, 148 F.4th 1121, 1128 (9th Cir 2025), *petition for cert. docketed* (Sup. Ct. Feb. 13, 2026), ("[T]he *Rooker-Feldman* doctrine provides that 'a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.'" (quoting *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003))). "With very limited exceptions," appeals of final judgments of state courts must be heard by the United States Supreme Court. *Miroth*, 136 F.4th at 1146. Because jurisdictional statutes vest *appellate* review of certain state court decisions with the United States Supreme Court, federal district courts lack the authority to review challenges to a state court judgment under what is call the *Rooker-Feldman* doctrine. *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923). The doctrine is confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

"The doctrine bars a district court from exercising jurisdiction . . . over the 'de facto equivalent' of [a state court] appeal." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (citing *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)). "It is a forbidden de facto appeal under

*Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel*, 341 F.3d at 1163; *Miroth*, 136 F.4th at 1151; *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). A forbidden de facto appeal may occur in two ways: (1) "the federal plaintiff may complain of harm caused by a state court judgment that directly withholds a benefit from (or imposes a detriment on) the federal plaintiff, based on an allegedly erroneous ruling by that court"; or (2) "the federal plaintiff may complain of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants." *Noel*, 341 F.3d at 1163. Thus, the court looks to whether Dunzer's requested relief seeks to undo the Oregon Court of Appeals' judgment. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900-01 (9th Cir. 2003).

To the extent that Dunzer asks for MEUC benefits, he complains of a legal wrong committed by the Oregon Court of Appeals. The fact that his appeal was untimely and did not address the merits does not alter the *Rooker-Feldman* analysis because he sought review of the EAB's November 2022 decision and was unsuccessful in the Oregon Court of Appeals. *See Searle*, 148 F.4th at 1130 (holding that *Rooker-Feldman* barred district court's review of takings and excessive fines claims in foreclosure judgment on which state court entered a default judgment); *see also K.A. v. Barnes*, 134 F.4th 1067, 1074 (10th Cir. 2025) (holding that *Rooker-Feldman* applied because the plaintiff asked the district court to review a state appellate court's dismissal of her case as untimely); *Bianchi*, 334 F.3d at 900 (stating that plaintiff's claims would have been barred under *Rooker-Feldman* even if the state court had not actually decided his claims).

Page 8 – OPINION AND ORDER
*Dunzer v. Gerstenfeld, 3:25-cv-01318-AR*

Further, Dunzer's amended complaint contends that the ODAH and EAB incorrectly determined that his income was not self-employment income, that he qualifies for compensation under the MEUC program, and he asks that a new decision about benefits be rendered. (Am. Compl. ¶¶ 1, 15-17, 25-26, 33.) Review by this court to decide his eligibility now would undermine the Oregon Court of Appeal's judgment and is a "forbidden de facto appeal," to which *Rooker-Feldman* applies. *Miroth,* 136 F.4th at 1156 (quoting *Kougasian,* 359 F.3d at 1139). Accordingly, the court lacks jurisdiction under the *Rooker-Feldman* doctrine to grant the relief Dunzer seeks.

Likewise, to the extent that Dunzer asks the court to direct Serres to reconsider his MECU benefits application, his request is barred by the *Rooker-Feldman* doctrine. The Oregon Court of Appeals determined that Serres's May 8, 2023 letter was not an appealable order. By asking this court to require that Serres reconsider his MEUC eligibility, at bottom, Dunzer is asking this court to unwind the Oregon Court of Appeals' appellate judgment. Because Dunzer's request is an improper de facto appeal, the court lacks jurisdiction. *Searle*, 148 F.4th at 1130.

**B.    *Additional Jurisdictional Issue***

Broadly viewing Dunzer's claims here, he asserts that under ORS § 657.290, Gerstenfeld and Serres have the authority to reconsider final EAB and OED decisions at any time, and asks that the court to require Gerstenfeld and Serres to reconsider his MEUC eligibility. That interpretation of his requested relief, however, raises an additional jurisdictional concern.

As explained in the Order to Amend, the due process violations alleged against Gerstenfeld and Serres must be pursued under 42 U.S.C. § 1983. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (providing that federal constitutional challenges to actions by state

Page 9 – OPINION AND ORDER
*Dunzer v. Gerstenfeld, 3:25-cv-01318-AR*

officials must be raised through § 1983). Because Dunzer sues Gerstenfeld and Serres in their official capacities, they are not persons under § 1983, and they are protected by Eleventh Amendment immunity unless an exception applies. *Will v. Mich. Dept.'s of State Police*, 491 U.S. 58, 64-66 (1989) (holding state officials sued in their official capacities are not "persons" subject to civil rights suits under 42 U.S.C. § 1983). Dunzer's amended complaint continues to identify defendants as being sued in their official capacities. Although Dunzer also alleges that they were personally involved because they sent him letters on official agency letterhead, those facts fail to plausibly show how Gerstenfeld and Serres personally deprived him of due process. Moreover, he does not allege that they have done more than enforce state law, that they are continuing to violate federal law, and he does not challenge ORS § 657.290 as unconstitutional. (Order to Amend, ECF 16 at 9-10 (discussing personal involvement and *Ex Parte Young* doctrine).) Therefore, no exception to Eleventh Amendment immunity applies and Dunzer's § 1983 claims against Gerstenfeld and Serres are prohibited. *See Waine v. Or. Dep't of Human Servs.*, 2:12-cv-01613-SU, 2013 WL 653154, at *5 (D. Or. Jan. 3, 2013), *adopted in relevant part*, 2013 WL 653219 (Feb. 21, 2013) (dismissing § 1983 claims against state officials sued in their official capacities).

C.    ***Leave to Amend***

Typically, district courts are liberal in granting plaintiffs leave to amend their complaint. FED. R. CIV. P. 15(a). However, if amendment to a complaint is futile, the case may be immediately dismissed. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union*

Page 10 – OPINION AND ORDER
*Dunzer v. Gerstenfeld, 3:25-cv-01318-AR*

*Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)).

Dunzer's requested relief raises jurisdictional concerns under *Rooker-Feldman* that cannot be cured under any set of facts. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 990 (9th Cir. 2008) (affirming that a lack of subject matter jurisdiction made a proposed leave to amend futile); *see also Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655-56 (9th Cir. 2017) (noting that when a plaintiff lacks support for federal court jurisdiction in their complaint and cannot incorporate facts to resolve jurisdictional concerns, denying a leave to amend is proper). Additionally, Dunzer previously was given leave to amend to include facts that might demonstrate his claims against Gerstenfeld and Serres are not barred by the Eleventh Amendment. He has failed to do so, and the court concludes that additional facts are not forthcoming. Thus, Dunzer's amended complaint is dismissed without leave to amend and without prejudice. *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) (explaining that dismissals for lack of subject matter jurisdiction "must be without prejudice").

## CONCLUSION

For the above reasons, defendants' motion to dismiss (ECF 24) is GRANTED and this action is DISMISSED without prejudice.

DATED: March 24, 2026.

_____
JEFF ARMISTEAD
United States Magistrate Judge

Page 11 – OPINION AND ORDER
*Dunzer v. Gerstenfeld, 3:25-cv-01318-AR*